MARC APPLBAUM, ESQ. SBN# 222511
MIDWAY LAW FIRM APC
4275 Executive Square Suite 200
La Jolla, CA 92037
Telephone: (760) 484-1203

Email: marc@midwaylawfirm.com

Attorney for PLAINTIFF WATCH RAPPORT, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATCH RAPPORT, LLC<br><br>PLAINTIFF,<br><br>vs.<br><br>SETH GRENNY, DOES 1-20, INCLUSIVE,<br><br>DEFENDANTS. | Case Number:<br><br>COMPLAINT FOR:<br><br>I.   BREACH OF CONTRACT<br>II.  DECLARATORY JUDGMENT<br>III. INTERPLEADER<br><br>***REQUEST FOR***<br><br>• Judicial Interpleader |

## SUMMARY OF ACTION

WATCH RAPPORT dba watchrapport.com (herein referred to as "PLAINTIFF") owns and operates an online retail jewelry store that buys, sells and ships pre-owned, vintage and modern luxury watches both domestically and internationally from its suppliers. PLAINTIFF maintains perfect ratings on multiple online social platforms that offer its customers, Free Buyer Protection, 30 day return policy and a 100% money-back guatantee with specialty insurance policies with up to $2M per transaction. PLAINTIFF at all times material, strictly and diligently adheres to all county, state, federal banking regulations.

Wherefore, PLAINTIFF prays for relief as set forth fully below.

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction pursuant to United States Code § 1332 and subject matter of PLAINTIFFS state claim arising out of California's common law pursuant to 28 U.S.C 1331, et. seq. for supplemental jurisdiction under the Declaratory Judgment Act.
2. All the events described herein occurred in Los Angeles County, California. Pursuant to Title 28 of the United States Code §1931, venue is therefore appropriate here in the Central District Court of California.

## PARTIES

3. WATCH RAPPORT, LLC is a Nevada Limited Liability Company that does business in this District.  (herein referred to as "PLAINTIFF).
4. SETH GRENNY (herein referred to as "DEFENDANT) is a resident of Bluffdale, Utah and is a sophisticated buyer and seller of Rolex watches in this district.

5. This action is brought without prejudice to PLAINTIFFS rights to seek monetary compensatory damages in a subsequent action or Amendment to this Complaint once their right to be sued and PLAINTIFFS herein edspecifically reserves that right.

6. This action is, at present, brought for interpleader, declaratory relief and damages in excess of $75,000.00.

**COMMON ALLEGATIONS TO ALL CAUSES OF ACTION**

7. On or about December 31, 2021 "DEFENDANT" placed an order (Order #4015) from "PLAINTIFF" for a Rolex Day-Date 40 Oyster in the amount of $43,175.00 that was paid by his Visa Credit Card.

8. On or about April 7, 2022 "DEFENDANT" placed an order (Order #4806) purchased a Rolex Cosmograph Daytona Oyser 40 mm yellow gold in the amount of $46,090,000 that was paid by a Visa Credit Card.

9. On or about April 11, 2022, DEFENDANT placed an (Order #4852) purchased a Rolex Sky Dweller Oyster 42mm in the amount of $16,995.00 that was paid by his Visa Credit Card.

10. On PLAINTIFFS website its Terms and Use are binding with its online customers.

11. At all times material, DEFENDANT accepted the terms, use and policies when he became a customer of PLAINTIFF.

12. PLAINTIFFS Terms of Use provides all of its online customers with a detailed description of its policies for Pre-Orders, Returns, Cancellation Fees, Refunds, Shipping, Ownership of Merchandise, Payment for Merchandise and the terms applicable to its sale of its merchandise.

13. All orders include a disclaimer in bold font that its product photos may not reflect the exact watch being sold and that the customer "will receive the exact same model, specs, condition some photos are from stock

images or from its network of various suppliers and are subject to change."

14. While waiting for the delivery of the three watch, DEFENDANT demanded a refund in the amount of $106,260.00 and demanded an additional $25, 796.47 for a watch never ordered from PLAINTIFF on or about September 19, 2022.

15. PLAINTIFF instructed DEFENDANT to file a chargeback from its credit card company in accordance to its terms of use to receive a full refund of its credit card charges.

16. DEFENDANT advised PLAINTIFF that there is six month deadline with its banking institution and demanded $132,056.47 on February 3, 2023 for a Rolex that he ordered from another online company.

17. On February 15, 2023, DEFENDANT threatened PLAINTIFF with a lawsuit if they did not immediately refund $132,056.47.

18. PLAINTIFF alleges that it owes $106,260.00 to DEFENDANT that will not comply with its Terms of Use by having its bank issue a chargeback on the credit card payments and tghat all refunds must be refunded back to the original form of payment in accordance to its terms of use as follows.

      i. Section 5 and Section 6 of the PLAINTIFF Service Agreement reads in pertinent part as follows:

> Certain products or services may be available exclusively online through the website. These products or services may have limited quantities and are subject to return or exchange only according to our Return Policy. We have made every effort to display as accurately as possible the colors and images of our products that appear at the store. We cannot guarantee that your computer monitor's display of any color will be accurate. We reserve the right, but are not obligated, to limit the sales of our products or Services to any person, geographic region or jurisdiction. We may exercise this right on a case-by-case basis. We reserve the right to limit the quantities of any products or services that we offer. All descriptions of products or product pricing are subject to change at any time without notice, at the sole discretion of us. We reserve the right to discontinue any product at any time. Any offer for any product or service made on this site is void where prohibited.
>
> We reserve the right to refuse any order you place with us. We may, in our sole discretion, limit or cancel quantities purchased per person, per household or per order. These restrictions may include orders placed by or under the same customer account, the same credit card, and/or orders that use the same billing and/or shipping address. In the event that we make a change to or cancel an order, we may attempt to notify you by contacting the e-mail and/or billing address/phone number provided at the time the order was made. We reserve the right to limit or prohibit orders that, in our sole judgment, appear to be placed by dealers, resellers or distributors. You agree to provide current, complete and accurate purchase and account information for all purchases made at our store. You agree to promptly update your account and other information, including your email address and credit card numbers and expiration dates, so that we can complete your transactions and contact you as needed.

19. To prevent fraud, PLAINTIFF required a statement from DEFENDANT in writing from its financial institution that they are unable to process a chargeback and that it must receive a refund via wire or cashiers check.

20. PLAINTIFF alleges that DEFENDANT conduct was highly suspicious by demanding a refund for a watch that was never purchased from PLAINTIFF.

Wherefore, PLAINTIFFS pray for relief as set forth fully below

## **FIRST CAUSE OF ACTION**
## **BREACH OF CONTRACT**
### **(Against all Defendants)**

21.   PLAINTIFF alleges that DEFENDANT entered into an agreement with PLAINTIFF starting on or about December 31, 2021 and agreeing to its terms and conditions set forth in its service agreement by placing three orders.

22.   PLAINTIFF alleges that DEFENDANT breached its agreement by its failure to abide with the terms, use and conditions in connection with its credit card chargebacks.

23.   DEFENDANT has failed to comply with the many requests by the PLAINTIFF to sufficient and legal documentation or a representation and warranty of compliance or indemnification commensurate with protecting PLAINTIFF from its exposure to multiple banks and credit card companies that is a material breach of its Service Agreement.

24.   As a direct consequence of DEFENDANT breaching its service agreement with the PLAINTIFF and its failure to perform under its service agreement, DEFENDANT is liable for actual damages, prejudgment interest, attorney fees and costs no less than the jurisdictional amount of $75,000.00.

Wherefore, PLAINTIFF prays for relief as set forth fully below.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT
**(Against all Defendants)**

25. PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

26. PLAINTIFF seeks a declaratory judgment from the Court as to each and every alleged cause of action in this Complaint and all DEFENDANTS have violated multiple California and federal laws.

27. An actual, present and justiciable controversy has arisen between the parties, PLAINTIFF seeks a declaratory judgment from this Court based on the intentional and willful pattern of illegal conduct by all of the DEFENDANTS in violation of the United States Treaties and laws.

28. PLAINTIFF seeks a declaratory judgment under Rule 57, F.R.C.P. as the existence of another remedy does not preclude a declaratory judgment in favor of the PLAINTIFFS that is appropriate as it will terminate the controversy whether the constitutional rights of the PLAINTIFFS were violated by the Defendants.

29. PLAINTIFF requests relief for a declaratory judgment as a summary proceeding to prevent a miscarriage of justice.

30. Additionally, PLAINTIFFS request that this Court issue a declaratory judgment in favor of the PLAINTIFFS *sua sponte* as permitted under Rule 57.

Wherefore, PLAINTIFFS pray for relief as set forth fully below.

## THIRD CAUSE OF ACTION
## INTERPLEADER
(Against all Defendants)

31. PLAINTIFF hereby incorporates the entirety of the above and below allegations as if fully set forth hereunder.

32. PLAINTIFF is requesting the Court for enter an order to have custody of all cash proceeds in connection with its service agreement with DEFENDANT pursuant to 28 U.S Code § 1335.

33. PLAINTIFF alleges that there exists a conflicting claim between the parties in the amount of $500.00 or more that is adverse to an independent of one another.

34. DEFENDANT claims an entitlement to the $106,000.00 and PLAINTIFF alleges that said funds are being held by a merchant processor not in the possession of the PLAINTIFF that assumes no liability resulting thereto.

35. PLAINTIFF requests that it deposits $106,260.00 ("herein referred to as the "Property") into the registry of the Court and that no bond is necessary.

36. PLAINTIFF requests DEFENDANT be restrained from instituting any action against the PLAINTIFF for recovery of the property or any part of it.

37. PLAINTIFF requests an Order that the DEFENDANT be required to interplead and settle their rights to the property and that the PLAINTIFF be discharged from all liability.

38. PLAINTIFF requests reasonable attorney fees and costs and any order the Court deems just and proper.

Wherefore, PLAINTIFFS pray for relief as set forth fully below.

## IRREPARABLE HARM

PLAINTIFFS hereby incorporate by reference the attached Application for a Interpleader to be filed contemporaneously with its Complaint until this court adjudicates this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray for the following:

A. Damages, including general and special damages, in an amount to be determined at trial;

B.     Enter an Order establishing a Court Interpleader account with the Clerks Office;

C.     Prejudgment interest;

D.     Costs to the extent provided by law, including attorney's fees and costs as provided by statute;

E.     Declaratory Judgment; and

F.     Any order of further relief as the Court deems just and proper.

DATED: March 15, 2023         s/s Marc Steven Applbaum

Marc Steven Applbaum, Esq.
MIDWAY LAW FIRM APC
Attorney for PLAINTIFF

**VERIFICATION**

I, Marc Steven Applbaum am the attorney for the PLAINTIFF that is unavailable and absent from the County. Upon information and belief, I avow that the facts herein are within my knowledge and to the contents thereof. The same is true of my knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters are believed to be true.

I declare under penalty of perjury that the foregoing allegations true and correct and that this Verification was executed in San Diego, California.

DATED: August 2, 2021            /s/ Marc Steven Applbaum
                                 _____
                                 Marc Steven Applbaum, Esq.